**DYKEMA GOSSETT LLP**
ABIRAMI GNANADESIGAN, State Bar No. 263375
*AGnanadesigan@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Defendants MAURO ARCHER & O'NEILL, LLP, FLETCHER STRATEGIES, LLC, and PERFECTED CLAIMS, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

ORIGINATE, INC., a Delaware corporation,

Plaintiff,

v.

MAURO ARCHER & O'NEILL LLP, a D.C. limited liability partnership; FLETCHER STRATEGIES LLC, a Texas corporation; PERFECTED CLAIMS, LLC, a U.S. Virgin Islands limited liability company; and DOES 1 through 20,

Defendants.

Case No. 4:22-cv-07461-KAW

Assigned to Magistrate Judge Kandis A. Westmore
Courtroom: 4

**DEFENDANTS MAURO ARCHER & O'NEILL, FLETCHER STRATEGIES, LLC, AND PERFECTED CLAIMS, LLC'S NOTICE AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 9(B) and 12(B)(6)**

***[Filed concurrently with [Proposed] Order]***

DATE: January 19, 2023
TIME: 1:30 P.M.
COURTROOM: 4

State Action Filed: September 26, 2022
Notice of Removal: November 23, 2022
Trial Date: None

**TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 19, 2023 at 1:30 p.m. or as soon as the matter may be heard by the Honorable Magistrate Judge Kandis A. Westmore in Courtroom 4 of the United States District Court for the Northern District of California, located at 1301 Clay Street,

Oakland, CA 94612, Defendants Mauro Archer & O'Neill ("Mauro Archer"), Fletcher Strategies, LLC ("Fletcher"), and Perfected Claims, LLC ("Perfected Claims") (collectively, "Defendants") will, and do, move this Court for an Order dismissing Plaintiff's Complaint under Fed. R. Civ. P. 9(b) and 12(b)(6) on the following grounds, as explained in the accompanying Memorandum of Points and Authorities:

1. Plaintiff's causes of action for Breach of the Implied Covenant of Good Faith and Fair Dealings (Count 2) and Quantum Meruit (Count 3) fail as a matter of law against all Defendants;

2. Plaintiff's cause of action for Negligent Misrepresentation (Count 5) fails, against all Defendants, because Plaintiff did not provide the requisite particularity required by Fed. R. Civ. P. 9(b); and

3. Plaintiff's cause of action for Breach of Contract (Count 1) fails as a matter of law as to Mauro Archer and Perfected Claims.

Defendants respectfully request that this Court issue an order granting their Motion to Dismiss Plaintiff's Complaint as to Counts 2-3 and 5, with respect to all Defendants, and Count 1, with respect to defendants Mauro Archer and Perfected Claims. Defendants' request is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such argument as may be presented to the Court at the time of the hearing.

DATED: November 30, 2022

DYKEMA GOSSETT LLP

By: [signature]

ABIRAMI GNANADESIGAN
Attorneys for Defendants
MAURO ARCHER & O'NEILL, LLP,
FLETCHER STRATEGIES, LLC, and
PERFECTED CLAIMS, LLC

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ....................................................................................................3

TABLE OF AUTHORITIES ................................... **ERROR! BOOKMARK NOT DEFINED.**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................7

I. INTRODUCTION ..........................................................................................................7

II. PLAINTIFF'S ALLEGATIONS ...................................................................................8

III. LEGAL STANDARD ..................................................................................................8

IV. ARGUMENT ................................................................................................................9

A. Plaintiff's Cause of Action for Breach of the Implied Covenant of Good Faith (Count 2) Fail as a Matter of Law. ..........................................................9

B. Plaintiff's Cause of Action for Breach of Quantum Meruit (Count 3) Fails as a Matter of Law Because there was a Contract that Governed the Relationship. ..........................................................................................10

C. Plaintiff's Cause of Action (Count 5) for Negligent Misrepresentation Fails as to all Defendants because Plaintiff did not Meet the Requisite Particularity Requirements of Rule 9(B). ..................................................11

D. Plaintiff's Cause of Action for Breach of Contract (Count 1) Fails as a Matter of Law as to Defendants Mauro Archer and Perfected Claims. ...................14

V. CONCLUSION ............................................................................................................14

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advsr, LLC v. Magisto Ltd.*,
No. 19-cv-02670-JCS, 2021 U.S. Dist. LEXIS 153030 (N.D. Cal. Aug. 13, 2021)............... 12

*Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*,
No. CV 11-1675 CAS, 2012 U.S. Dist. LEXIS 56605 (C.D. Cal. Apr. 23, 2012) ................. 14

*Ashcroft v. Iqbal*,
556 U.S. 556 U.S. 662 (2009) .......................................................................................... 10

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
459 U.S. 519 (1983) .......................................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................... 9, 10

*Bly- Magee v. California*,
236 F.3d. 1014 (9th Cir. 2001).......................................................................................... 13

*Clemens v. Am. Warranty Corp.*,
193 Cal.App.3d 444 (1987)............................................................................................... 15

*Dooms v. Fed. Home Loan Mortg. Corp.*,
No. CV F 11-0352 LJO DLB, 2011 U.S. Dist. LEXIS 38550 (E.D. Cal. Mar. 30, 2011)...... 14

*DPR Constr. v. Shire Regenerative Med., Inc.*,
204 F. Supp. 3d 1118 (S.D. Cal. 2016) .............................................................................. 12

*Edwards v. Marin Park, Inc.*,
356 F.3d. 1058 (9th Cir. 2004)........................................................................................... 13

*Engalla v. Permanente Medical Group, Inc.*,
15 Cal.4th 951 (1997)......................................................................................................... 12

*Griffin v. Green Tree Servicing, LLC*,
166 F. Supp. 3d 1030 (C.D. Cal. 2015).............................................................................. 14

*Guz v. Bechtel Nat. Inc.*,
24 Cal. 4th 317 (2000)........................................................................................................ 10

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.*,
41 Cal.App.4th 1410 (1996)............................................................................................... 11

*Integrated Storage Consulting Servs. v. NetApp, Inc.*,
No. 5:12-CV-06209-EJD, 2013 U.S. Dist. LEXIS 107705 (N.D. Cal. July 31, 2013)..... 10, 11

*U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048 (9th Cir.2001) ........ 14

*Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-CV-4496-JF (PVT), 2010 U.S. Dist. LEXIS 23770 (N.D. Cal. Mar. 15, 2010) ........ 11

*Mundy v. Household Fin. Corp.*, 885 F.2d 542 (9th Cir. 1989) ........ 10

*Neilson v. Union Bank of California*, N.A., 290 F. Supp. 2d 1101 (C.D. Cal. 2003) ........ 11

*Ochs v. PacifiCare of California*, 115 Cal.App.4th 782 (2004) ........ 11

*Odom v. Microsoft Corp.*, 486 F.3d. 541 (9th Cir. 2007) ........ 13

*Roots Ready Made Garments v. Gap Inc.*, 2008 U.S. Dist. LEXIS 67669 (N.D. Cal. Aug. 29, 2008) ........ 12

*Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-JW, 2009 U.S. Dist. LEXIS 114030 (N.D. Cal. Nov. 19, 2009) ........ 11

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ........ 13

*SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780 (9th Cir. 1996) ........ 9

*Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn.*, 12 Cal.App.4th 1354 (1993) ........ 15

*Ultrasystems Envtl., Inc. v. STV, Inc.*, 674 F. App’x 645 (9th Cir. 2017) ........ 10

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ........ 13

*United States v. Hall Family Trust Dated June 8, 2001*, No. 16-CV-0538-AJB-BGS, 2019 WL 1429572 (S.D. Cal., Mar. 29, 2019) ........ 15

*Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010) ........ 14

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........ 13

*Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605 (1975) ........ 12

**DYKEMA GOSSETT LLP**
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Wilhelm v. Pray, Price, Williams & Rossell*,
186 Cal.App.3d 1824 (1986) .......... 12

*Williams v. Wells Fargo Bank, N.A.*,
No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 58519 (N.D. Cal. Apr. 14, 2017) .......... 11

**Other Authorities**

Fed. R. Civ. P. 9(b) .......... *passim*

Fed. R. Civ. P. 12(b)(6) .......... 8, 9

DYKEMA GOSSETT LLP
333 South Grand Avenue
Suite 2100
Los Angeles, California 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiff Originate Inc. ("Plaintiff" or "Originate") asserts causes of action against Defendants[1] for: breach of contract (Count 1); breach of the implied covenant of good faith and fair dealing (Count 2); quantum meruit (Count 3); promissory estoppel (Count 4), and negligent misrepresentation (Count 5). These causes of action are based primarily on a Consulting Agreement between Originate and Defendant Fletcher. Defendants Mauro Archer and Perfected Claims were never parties to the Consulting Agreement.

The Complaint alleges that Fletcher entered into the Consulting Agreement to have Originate develop a software platform to manage the intake of legal claims by California wildfire victims. The Consulting Agreement provided that the Fletcher and Originate would agree upon an initial Statement of Work ("SOW"), and additional SOWs down the road, which would define Originate's services to be performed during a certain time period. Originate would be compensated for its services at the rates provided in each SOW

Originate alleges that Defendants failed to pay for its services as required by the Consulting Agreement and SOWs. On the contrary, Fletcher contends that Originate failed to develop any working software for Fletcher, despite Fletcher's repeated representations that it had done so. Fletcher also contends that Originate failed to meet the various phase deadlines defined in the SOWs.

The "agreement" to have Originate develop a software platform to manage claims was fully encompassed by the Consulting Agreement and subsequent SOWs. Since Originate's claims against Defendants for breach of the implied covenant of good faith and fair dealing and quantum meruit are based on the alleged breach of the Consulting Agreement, they fail as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, Originate's claim of negligent misrepresentation fails to meet the particularity requirements of Fed. R. Civ. P. 9(b). In addition, because Defendants Mauro Archer and Perfected Claims were not parties to the

[1] Originate also asserts these causes of action against DOE Defendants 1-20.

Consulting Agreement or any of the SOWs, Originate's breach of contract claim against these defendants should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

For the reasons discussed below, Plaintiff's Complaint against Defendants should be dismissed as to Counts 2-3 and 5, with respect to all Defendants, and Count 1, with respect to defendants Mauro Archer and Perfected Claims.

## II. PLAINTIFF'S ALLEGATIONS

Fletcher was started by Mauro Archer to manage the development of a new case management system to assist with client intake of California wildfire claims. Dkt. #1 (Compl.) ¶¶ 11, 16. In or about August 2020, Fletcher began discussions with Originate for the development of such an intake system. *Id* at ¶ 16. On September 15, 2020, Fletcher and Originate entered into a Consulting Agreement for the development of the intake system. *Id.* at ¶ 17. The project was defined through a series of a total of six SOWs.[2] *Id.* at ¶¶ 20, 23, 24, 27, 35, 36. Each SOW defined Originate's service obligations and time period for completing the services. *Id.* at ¶ 20. Originate alleges that Fletcher created Perfected Claims to use the system created by Originate. *Id.* at ¶ 25. Originate further alleges that Fletcher began defaulting on the Agreement by not paying the full amounts due under SOW Nos. 4-6. *Id.* at ¶¶ 33-38.

Originate filed its state court complaint on September 26, 2022, and Defendants filed their Notice of Removal on November 23, 2022.

## III. LEGAL STANDARD

To survive a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest[ ]," and not merely be consistent with the claimed wrongful conduct. *Id.* at 557. The Court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).

[2] The Consulting Agreement and SOWs are collectively referred to as the "Agreement."

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

While factual allegations are assumed true, the plaintiff must provide more than mere speculation of a right to relief. *Twombly*, 550 U.S. at 555. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 556 U.S. 662, 678 (2009). It is improper to assume "the [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Finally, a complaint may be dismissed without leave to amend where the "proposed amendment is futile." *Ultrasystems Envtl., Inc. v. STV, Inc.*, 674 F. App'x 645, 650 (9th Cir. 2017).

## IV. ARGUMENT

### A. Plaintiff's Cause of Action for Breach of the Implied Covenant of Good Faith (Count 2) Fail as a Matter of Law.

"California law[3] implies a covenant of good faith and fair dealing in every contract." *Integrated Storage Consulting Servs. v. NetApp, Inc.*, No. 5:12-CV-06209-EJD, 2013 U.S. Dist. LEXIS 107705, at *23 (N.D. Cal. July 31, 2013) (quoting *Mundy v. Household Fin. Corp.*, 885 F.2d 542, 544 (9th Cir. 1989)). Broadly speaking and under certain circumstances, California law allows a party to plead both a breach of contract claim and a breach of implied duties claim. *See id*. However, when a claim for breach of implied duties cites the same alleged breach and is based on the same facts as a claim for breach of contract, the implied duties claim is duplicative and superfluous with the cause of action for breach of contract. *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 327 (2000).

"If the allegations in a breach of implied covenant claim do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as

[3] Pursuant to section 10.3 of the Agreement, the Parties agreed that the laws of the State of California would apply.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

superfluous as no additional claim is actually stated." *Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-CV-4496-JF (PVT), 2010 U.S. Dist. LEXIS 23770, at *6 (N.D. Cal. Mar. 15, 2010) (quoting *Schulken v. Wash. Mut. Bank*, No. 09-CV-02708-JW, 2009 U.S. Dist. LEXIS 114030, (N.D. Cal. Nov. 19, 2009)). In those circumstances, a court can properly dismiss the implied duties claim in favor of proceeding with the express written contract claim. *Integrated Storage Consulting Services*, 2013 U.S. Dist. LEXIS 107705, at *28 (dismissing implied duties claim that merely duplicated the breach of contract claim, where both were premised upon an allegedly wrongful "dual [registration] with other resellers."); *Williams v. Wells Fargo Bank, N.A.*, No. 5:13-cv-03387-EJD, 2017 U.S. Dist. LEXIS 58519, at *11-12 (N.D. Cal. Apr. 14, 2017) (finding the claim for breach of implied duties merely duplicated the contract claim and that a plaintiff may not impose new obligations through an implied duties claim).

Here, Count 2 is duplicative of the breach of contract claim (Count 1). Compare Compl. ¶¶ 45-51 with ¶¶ 52-61. Both counts are premised upon the same alleged breach by Fletcher: failure to pay Originate in accordance with the Agreement. As a matter of law, Count 2 is duplicative and superfluous and should be dismissed.

**B. <u>Plaintiff's Cause of Action for Breach of Quantum Meruit (Count 3) Fails as a Matter of Law Because there was a Contract that Governed the Relationship.</u>**

"To recover on a claim for the reasonable value of services under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for services from the defendant and that the services rendered were intended to and did benefit the defendant." *Ochs v. PacifiCare of California*, 115 Cal.App.4th 782, 794 (2004) (internal citation omitted). "However, it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation." *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal.App.4th 1410, 1419 (1996). "There cannot be a valid, express contract and an implied contract, each

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

embracing the same subject matter, existing at the same time." *Wal-Noon Corp. v. Hill*, 45 Cal.App.3d 605, 613 (1975); *see also Roots Ready Made Garments v. Gap Inc.*, 2008 U.S. Dist. LEXIS 67669 *27 (N.D. Cal. Aug. 29, 2008) ("an action based on an implied-in-fact or quasi contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.") "A 'quantum meruit claim fails' where 'the parties' Contract sets forth terms governing the subject matter for which Plaintiff now seeks equitable recovery.'" *Advsr, LLC v. Magisto Ltd.*, No. 19-cv-02670-JCS, 2021 U.S. Dist. LEXIS 153030, at *66 (N.D. Cal. Aug. 13, 2021) (citing *DPR Constr. v. Shire Regenerative Med., Inc.*, 204 F. Supp. 3d 1118, 1131 (S.D. Cal. 2016)).

The crux of Originate's quantum meruit claim is based on a breach of obligations in the Agreement (i.e., Defendants' alleged failure to pay for services provided pursuant to the Agreement). *See* Compl. ¶¶ 63 and 65. Since there was an express written contract covering the parties' contractual obligations regarding the providing of and payment for services, Originate cannot maintain a quantum meruit claim as a matter of law. Therefore, this claim should be dismissed as to all Defendants.

**C. Plaintiff's Cause of Action (Count 5) for Negligent Misrepresentation Fails as to all Defendants because Plaintiff did not Meet the Requisite Particularity Requirements of Rule 9(B).**

A claim for fraud or misrepresentation requires a false representation of a material fact upon which the plaintiff relied, made with knowledge of its falsity, with the intent to defraud the plaintiff, resulting in damages. *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 974 (1997). The elements must be pled in full, factually, and specifically because fraud allegations are a serious attack on the defendant and must meet the particularity requirements of Rule 9(b). *Wilhelm v. Pray, Price, Williams & Rossell*, 186 Cal.App.3d 1824, 1331 (1986); *Neilson v. Union Bank of California*, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). "To satisfy Rule 9(b),

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

claims sounding in fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Trombley Enters., LLC v. Sauer*, Inc., No. 5:17-cv-04568-EJD, 2019 U.S. Dist. LEXIS 18511, at *10-11 (N.D. Cal. Feb. 5, 2019) (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985)). "In other words, '[a]verments of fraud must be accompanied by 'the who, what, when, where, and 'how' of the misconduct charged.'" *Id*. (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

Rule 9(b) applies to fraud claims and claims grounded in fraud, including negligent misrepresentation. *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d. 1097, 1103-04 (9th Cir. 2003). Where a complaint includes allegations of fraud, Rule 9(b) requires more specificity, including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Edwards v. Marin Park, Inc.*, 356 F.3d. 1058, 1066 (9th Cir. 2004).

The defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom v. Microsoft Corp.*, 486 F.3d. 541, 553 (9th Cir. 2007). The rationale for the heightened pleading requirements for fraud is because the allegation of fraud involves a serious attack on the character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense. "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly- Magee v. California*, 236 F.3d. 1014, 1017 (9th Cir. 2001). Rule 9(b) requires a plaintiff to "identify the who, what, when, where and how of the misconduct charged as well as what is false or misleading about [the purportedly fraudulent conduct], and why it is false." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-

1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Where fraud has allegedly been perpetrated by a corporation, the plaintiff must identify "the names of the employees or agents who purportedly made the fraudulent representations or omissions, or at a minimum identify them by their titles and/or job responsibilities." *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1057 (C.D. Cal. 2015), (citing *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir.2001) (holding that Rule 9(b) was not satisfied, inter alia, because plaintiff did not "identify the [defendant's] employees who performed the tests, or provide any dates, times, or places the tests were conducted"); *Arch Ins. Co. v. Allegiant Prof'l Bus. Servs.*, No. CV 11-1675 CAS (PJWx), 2012 U.S. Dist. LEXIS 56605, at *7 (C.D. Cal. Apr. 23, 2012) ("The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written"); *See also Dooms v. Fed. Home Loan Mortg. Corp.*, No. CV F 11-0352 LJO DLB, 2011 U.S. Dist. LEXIS 38550, at *33 (E.D. Cal. Mar. 30, 2011).

Here, the Complaint pleads only general conclusory allegations based on alleged representations made by Mr. Christian Archer and Mr. Bill Samson that Defendants would partner with Plaintiff in a joint venture. Compl., ¶ 73. The Complaint fails to meet the particularity requirement of Rule 9(b) because it fails to identify: (a) the specific content of the alleged false representations made by Mr. Archer and Mr. Samson; (b) their authority to make such representations as to one or more of the Defendants; (c) what was false or misleading about the representations; (d) why they were false or misleading; (e) the dates, times, and places of the representations; and (f) to whom the representations were made. *See* Compl., ¶¶ 73-76. Plaintiff

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

simply makes conclusory allegations involving all the Defendants and fails to specify which Defendant(s) made each statement. *Id*.

Accordingly, Plaintiff's negligent misrepresentation claim fails to meet the particularity requirements of Rule 9(b) and should be dismissed as to all Defendants.

**D. <u>Plaintiff's Cause of Action for Breach of Contract (Count 1) Fails as a Matter of Law as to Defendants Mauro Archer and Perfected Claims.</u>**

Originate alleges that the Defendants, including Mauro Archer and Perfected Claims, breached the contract with Originate. Dkt. #1-1 (Compl.) ¶¶45-51. However, since neither Mauro Archer nor Perfected Claims were parties or signatories to the Agreement with Originate, this count should be dismissed as to them. Originate admits in the Complaint that Fletcher was the signatory to the Agreement (i.e., not Mauro Archer or Perfected Claims). *See* Compl ¶ 25. "Under California law, only a signatory to a contract may be liable for any breach." *Clemens v. Am. Warranty Corp.*, 193 Cal.App.3d 444, 452 (1987); *Tri-Continent Internat. Corp. v. Paris Sav. & Loan Assn.*, 12 Cal.App.4th 1354, 1359 (1993) ("[Plaintiff] cannot assert a claim for breach of contract against one who is not a party to the contract."); *United States v. Hall Family Trust Dated June 8, 2001*, No. 16-CV-0538-AJB-BGS, 2019 WL 1429572, at *2 (S.D. Cal., Mar. 29, 2019) (subjecting non-signatories to a breach of contract claim where "[t]here simply is no privity of contract….would unduly expand contract law."). Because neither Mauro Archer nor Perfected claims are a party or signatory to the Agreement, Originate cannot maintain a breach of contract claim against them as a matter of law, and such claim should be dismissed accordingly.

## V. <u>CONCLUSION</u>

For all these reasons, Defendants respectfully request that this Court issue an order granting their Motion to Dismiss Plaintiff's Complaint as to Counts 2-3 and 5, with respect to all Defendants, and Count 1, with respect to defendants Mauro Archer and Perfected Claims.

DATED: November 30, 2022

DYKEMA GOSSETT LLP

By: ______________________________

ABIRAMI GNANADESIGAN
Attorneys for Defendants
MAURO ARCHER & O'NEILL, LLP,
FLETCHER STRATEGIES, LLC, and
PERFECTED CLAIMS, LLC

121817.000002 4880-9456-9025.1

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071